**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4839

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE BRYANT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge. (CR-04-266)

Submitted:  March 27, 2006                   Decided:  May 16, 2006

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrone Bryant was convicted by a jury of one count of unlawfully maintaining a place for the purpose of manufacturing and distributing cocaine base (Count One), one count of possession with intent to distribute 25.5 grams (net weight) of a mixture and substance containing a detectable amount of cocaine hydrochloride (Count Two), one count of possession with intent to distribute 18.2 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base (Count Three), one count of possession of a firearm during a drug trafficking crime (Count Four), one count of possession of a firearm by a felon (Count Five), one count of possession with intent to distribute 11.3 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base (Count Six), one count of possession with intent to distribute 28.5 grams (net weight) of a mixture and substance containing a detectable amount of cocaine hydrochloride (Count Seven), and one count of possession of ammunition by a felon (Count Eight), in violation of 18 U.S.C. §§ 922(g)(1); 924(a)(2), (c)(1)(A)(I); 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(c); 856(a)(1), (b) (2000). Bryant was sentenced on the various offenses to imprisonment for a total of 420 months. We find no error and affirm Bryant's convictions and sentences.

Bryant first contends that the district court erred in denying his motion to suppress.* We review the court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). When reviewing an issuing court's probable cause determination, however, we look to whether there was a substantial basis for concluding that a search would uncover contraband or evidence of a crime. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990); see also Illinois v. Gates, 462 U.S. 213, 236 (1983). Great deference should be accorded an issuing court's assessment of the facts in determining probable cause. Blackwood, 913 F.2d at 142.

Bryant argues that the supporting affidavit was insufficient to establish probable cause. The affidavit established that Bryant was living at the subject residence. It detailed the affiant's familiarity with Bryant's history of arrests for drug charges. The affidavit further detailed the affiant's surveillance of the subject residence and the information learned therefrom. Additionally, the affidavit detailed a recent arrest of Bryant by the affiant, wherein Bryant departed the subject residence and, after a high speed pursuit, was discovered with

---

*Though Bryant sought the suppression of evidence obtained from "three separate arrests, searches, or seizures by the Greensboro Police Department," he appeals only that portion of the district court's ruling that pertains to the March 30, 2004 search.

contraband substances.  Under the totality of the circumstances, see Gates, 462 U.S. at 236, we conclude that the issuing court had a substantial basis to conclude that the supporting affidavit established probable cause. In addition, the district court alternatively held that even if the affidavit did not establish probable cause, the search was valid because the officers executing the warrant acted in reasonable good faith reliance on the magistrate's determination of probable cause.  United States v. Leon, 468 U.S. 897 (1984).  We agree.  The district court therefore properly denied Bryant's motion to suppress.

Bryant also contends that the sentence imposed by the district court was unreasonable because there were mitigating factors that warranted a lower sentence.  After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000).  Id.  If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable.  United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006).  Because the district court appropriately treated the guidelines as advisory, properly calculated and

considered the guideline range, and weighed the relevant § 3553(a) factors, we conclude that Bryant's sentence is reasonable.

Accordingly, we affirm Bryant's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED